UNITED STATES DISTRICT COURT   FILED

FIRST DISTRICT OF MASSACHUSETTS

Worcester,ss.

United States First
District Court

No.

COMMONWEALTH

V.

# 04-40153

ROBERT HENDRICKSON

DEFENDANT'S MEMORANDUM AND BRIEF
FROM APPEAL IN STATE COURTS

Now comes the defendant Robert Hendrickson Pro se,to move this Honorable

Court to grant his Petition to the First District Court for the State of

Massachusetts and grant his Motion for Memorandum and Brief with exhibits

as part of his case before this Court.

Respectfully Submitted,

Robert Hendrickson,Pro,se.
P.O. Box 466
Gardner,Ma.01440

Date: August/0,2004

TABLE OF CONTENTS

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES — i,ii,iii

QUESTIONS PRESENTED FOR REVIEW————————————1

STATEMENT OF THE CASE ————————————————1

    Nature of the case ——————————————1

    Prior Proceedings and Dispositions in the Courts.-1

    Statement of the Facts ——————————2

        Introduction and Summary ——————2

ARGUMENT————————————————————6

1.  DID THE MOTION JUDGE ERROR BY DENYING
    DEFT'S MOTION FOR AN EVIDENTIARY HEARING
    WHERE DEFT., RAISED SUBSTANTIAL ISSUES?——————6

2.  DID THE MOTION JUDGE ERROR BY DENYING
    DEFT'S MOTION TO WITHDRAW HIS GUILTY
    PLEA BASED ON PROSECUTORIAL MISCONDUCT
    AND INEFFECTIVE ASSISTANCE OF COUNSEL
    UNDER THE BRADY RULE? ————————————16

CONCLUSION ——————————————————19,20

EXHIBITS————————————————— follows conclusion

    Exhibit A, consist of 1 page two sides.

    Exhibit B, consist of 1 page.

    Exhibit C, consist of 3 pages.

    Exhibit D, consist of 3 pages.

    Exhibit E, consist of 5 pages.

CERTIFICATE OF SERVICE ————————————follows exhibits

## TABLE OF CASES AND OTHER AUTHORITIES

### Cases

United States V.Avellino, 136 F.2d 249,255
(2d Cir.1998) —————————————————16

United States V.Bagley, 473 U.S. 667,105 S.Ct. 3375
87 L.Ed.2d 481 (1985)—————————————17

Comm. V.Berkwitz, 323 Mass. 41,80 N.E.2d 45 (1948) ——12

Brady V.Maryland, 373 U.S. 83 (1963)———————— 2,16,18

Comm. V.Cooper, 356 Mass. 74,248 N.E.2d 253 (1968)-12,13

Comm. V.Cotto, 52 Mass.App.Ct. 225,752 N.E.2d
768 (2001)—————————————————— 8

Comm. V.DeLaney, 11 Mass.App.Ct. 398,404 n.3,
416 N.E.2d 972 (1981)————————————10,17

Comm. V.Doyle, Mass.App.Ct. 544,364 N.E.2d
1283 (1977)—————————————————— 8

Comm. V.Ellison, supra 376 Mass. at 23-25,
379 N.E.2d 560 ——————————————— 18

Empire Apt. Jnc.V.Gray, 353 Mass. 333,231
N.E.2d 361 (1967)————————————————12

Comm. V.Gallarelli, 399 Mass. 17,502 N.E.2d
516 (1987) —————————————————14

United States V.Halper, 590 F.2d 422,430-32
(2d Cir.1978) ————————————————— 9

Comm .V.Jacobs, 52 Mass.App.Ct. 38,750 N.E.
2d 1028 (2001) ———————————————— 8

Comm. V.Licata, 412 Mass. 654,660-663
(1992)————————————————— 5,6

Comm. V.Lam HUeTo, 391 Mass. 301,304 n.3,
461 N.E.2d 776 (1984)———————————— 17

Nguyen V.United States, 114 F.2d 699,705
(8th Cir.1997) ———————————————— 16

Petition of Civitarese, 393 Mass. 310,231
N.E.2d 360 (1967) ———————————————— 12

Powell V.Alabama, supra, 287 U.S.,at 69,53
S.Ct.,at 64 ————————————————— 4,5

Comm. V.Preston, 10 Mass.App.Ct. 807,413
N.E.2d 749 (1980) ———————————— 8,10,11,15

United States V.Randazzo, 80 F.3d 623,628
(1st. Cir.1996) ———————————————— 9

Sanchez V. United States, 50 F.3d 1448,
1453 (9th Cir.1995) —————————————————— 14

Comm. V.Slavski, 245 Mass. 405,140 N.E.
465 (1923) ——————————————————————— 8

Strickland V.Washington,466 U.S. 668,685 ————— 14

Comm. V.Sylvester, 388 Mass. 749,448
N.E.2d 1106 (1983) —————————————————7,8,

United States V.Werner, 620 F.2d 922,
926-28 (2d Cir.1980) ——————————————— 9

## UNITED STATES CONSTITUTION

5th Amendment —————————————————————— 20

6th Amendment —————————————————————— 20

14th Amendment ————————————————————— 20

## MASSACHUSETTS CONSTITUTION

Article 11,Mass. Bill Of Rights ——————————— 20

Article 12,Mass. Bill Of Rights ——————————— 20

## MASSACHUSETTS RULES OF PROCEDURE

Mass.R.Crim.P. 9 ——————————— 3,4,7,8,9,12,14

Mass.R.Crim.P.10 ————————————————— 11,15

Mass.R.Crim.P.11 ——————————— 2,3,4,5,6,8,9,10
                               11,12,13,14,17,18,19

Mass.R.Crim.P.12 ——————————————————— 10,11

Mass.R.Crim.P.13 ———————————————— 4,6,10

Mass.R.Crim.P.14 ——————————————12,16,17,18

Mass.R.Crim.P.18 ——————————————————— 5

Mass.R.crim.P.30 —————————————————3,5

Appeal Court Rule 1:28—————————————— 20

## MASSACHUSETTS STATUTE

M.G.L.c. 43(c) ——————————————————— 18

## A.B.A. STANDARDS

Disciplinary Rule 7-103,Chapter 3, Rule
3.4(a)(e)[1][2] ————————————————————18

Model Rule 3.8(d) ————————————————18,19

A.B.A Standard for Criminal Justice 3-3.11(a) ————— 19

A.B.A.Standard For Criminal Justice 3-1.2(c)—————19

## QUESTIONS PRESENTED FOR REVIEW

1.   Did the Motion Judge error by denying Deft's
     motion for an Evidentiary Hearing where Deft.,
     raised substantial issues?

2.   Did the Motion Judge error by denying Deft's
     motion to withdraw his Guilty Plea based on
     Prosecutorial Misconduct and Ineffective
     Assistance of Counsel under the Brady Rule?

## STATEMENT OF THE CASE

### Nature of the case.

       This is Robert Hendrickson's appeal from his
conviction of aggravated rape,indecent assault and
battery and kidnapping.

### Prior Proceedings and Dispositions in the Courts.

       The defendant plead guilty to the above charges
on November 26,1990. On April 29,1991, he filed his
first motion, amended in February,1992, that was denied
without a hearing by the trial Judge. This decision was
affirmed on appeal. Commonwealth V. Hendrickson, 34 Mass.
App. Ct. 1112 (1992), further appellate review was
denied, 415 Mass. 1101 (1993).

       Then in September of 1994, he filed another

motion for new trial,which was denied without a hearing

by Travers,J.,of Worcester Superior Court on October 6,

1994, which was affirmed on appeal. Commonwealth V.

Hendrickson,39 Mass.App.Ct.1104 (1995),further appellate

review denied,421 Mass. 1106 (1995). In September,1999,

he filed a motion to vacate his guilty plea which his

motion was acted upon by Donohue,J.,this motion was denied

without a hearing on November 29,1999. An appeal was taken

from this decision and the appeals court affirmed the

action of the trial court. Commonwealth V. Hendrickson,

51 Mass.App.Ct.1115 (2001).

### STATEMENT OF THE FACTS.

Introduction and Summary.

    This case is based on the Facts of Newly Discovered

Evidence,that has been unknown to the defendant for

thirteen (13) years of his incarceration,and the courts

being deceived by Prosecutorial Misconduct and Ineffective

Counsel for the Defendant. No pretrial Conference Report

was ever filed in this case,Rule 11(2)(B),and if their

was no report filed,then there is no exculpatory evidence

under the Brady Rule,and it is up to the Prosecutor to

show harmless error.

    When the Defendant first found out about this

discovery and the violation of no conference report filed

in this case,was when he wrote to the Worcester Clerk of

Courts asking for the pretrial conference reports for the

two (2) unrelated cases,on October 7,2002. The Defendant

-2-

wanted to see what evidence was filed within each case
and what agreements were made from the pretrial motions,
Rule 11(a)(2)(A). Thats when the Defendant noticed that
there was no evidence for either case and no agreements
written within the pretrial conference report and thats
when the Defendant found that the two (2) unrelated cases
were put together in one report. The defendant started to
inquire more about the Laws and Rules that were noted on
the report itself.

   Judge Fecteau would be correct in his ruling of a
30 (c)(2),that this could have been raised in the Defend-
ant's earlier motions to withdraw,but if Judge O'Neil,who
presided over the pretrial conference (See exhibit B),and
the Defendant's Court Appointed Appellate Attorney did
not know or discover at that time,that there was Prosecu-
torial misconduct by disguising the two (2) unrelated
cases together to make them appear as one related case
in the conference report by Mixing and Blending the
indictment numbers together,how is the untrained defendant
to know. A Joinder Motion was never discussed at the
pretrial hearing as the record shows (See exhibit B&C),
because if it was, this Motion would have been filed,
documented and recorded as part of the record with the
Defendant's signature and knowledge Rule 9 (a)(4).

   The Defendant would have never agreed to the two (2)
unrelated cases to be put together without first speaking
to his attorney because of the complexity of evidence

-3-

and the diminished Constitutional Rights with the motions
being agreed upon within each case. The Defendant was
never present or allowed to be at the pretrial conference
hearing.

Judge O'Neil who presided at the pretrial conference
report,(See unrelated Docket Entry Case,90-2250,exhibit B)[1]
on October 1,1990,allowed these alleged agreements that
were not written in this report (See exhibit A) to be
filed,Rule 11(a)(2)(A),Rule 13(a),for the two (2) unrela-
ted cases and allowed this report to be filed without a
Joinder Motion Rule 9(a)(4),and without the defendant's
consent,signature or knowledge. If it were known to the
Judge that these cases were not related,then he was in
fact violating the Defendant's Rights of Due Process.
By filing and allowing counsel with the District Attorney
for the Commonwealth to continue in deceiving the Courts
into violating the Defendant's rights and these rules of
the Court.

If Judge O'Neil and the Defendant's appointed counsel
for his Appellate Appeal did not notice the two (2)
unrelated cases being put together or see this violation
of the Rules and Due Process,then a laymen/defendant will
ordinarily be unable to recognize counsels errors and to
evaluate counsels professional performance,cf. Powell V.

---

1. Docket Entry Exhibit B 90-2250 unrelated case
   (Worcester Mass.).

2. Docket Entry Exhibit C 90-2251.53,55,unrelated
   case (town of Grafton,Mass.).

Alabama, supra, 287 U.S.,at 69,53 S.Ct.,at 64. Consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeals, usually when he consults another lawyer about his case, and even years,as the present case shows. The Defendant should have been allowed an evidentiary hearing on the merits of his case to establish his claims against his plea counsel and District Attorney for the Commonwealth pursuant to Comm. V. Licata, 412 Mass. 654,660-663 (1992).

This is the defendant's fourth (4th) Rule 30(b) motion,and it has been requested each time he filed to have an evidentiary hearing and each time the Defendant has been denied for a hearing on the merits of his case, and he has not been allowed to cross examine anyone.

Rule 18(a) §1591 states, In any prosecution for a crime the defendant shall be entitled to be present at all critical stages of the proceedings,and cases cited, also §1157 Mass.R.Crim.P.,11(a)(1). A pretrial conference is useless unless a written report signed by the parties, is filed with the court. The authors of the rule recognized the necessity of filing a written report and therefore,Mass.R.Crim.P.,11 (a)(2)(A) spells out the details of filing the report §1165, of Rule 11,and failure to file a pretrial conference report is under Rule 11(2)(B),and it is mandatory under Rule 11,to have and file pretrial conference reports.

-5-

ARGUMENT

1.  DID THE MOTION JUDGE ERROR BY DENYING
    DEFT'S MOTION FOR AN EVIDENTIARY HEARING
    WHERE DEFT.,RAISED SUBSTANTIAL ISSUES?

The motion Judge Fecteau,did in fact err on the
defendant's motion when he denied even an evidentiary
hearing under Comm.V.Licata,412 Mass.654,660-663 (1992),
on the merits of his case. The Judge looked at the
defendant's past motions,instead of the present one,with
the Newly Discovered Evidence. The motion Judge is hoping
that the higher Courts will rule and agree in his favor
and deny the defendant's motion for a new trial and/or
evidentiary hearing on the merits that are in fact viola-
ting the Laws and Rules of this State. The defendant has
raised substantial issues,as the motion Judge refused to
hear,believe or investigate further because Judge O'Neil,
who presided at the pretrial conference hearing would be
at fault because he was wrong by letting only one (1)
report to be filed for two (2) unrelated cases with no
written agreements,Rule 11(a)(2)(A),13(a),within this
report (See exhibit A),and Exculpatory Evidence was never
discussed for which case[s] they applied for are the
questions,and Prosecutorial Misconduct and Ineffective
Assistance of Counsel are within the scope of these
questions.

The defendant should have been granted an Evidentiary
Hearing on the merits of his case under Comm.V.Litaca.

There are to many Rules,Regulations and Laws that have been violated to be over looked without a hearing within this case. It is up to the District Attorney to show harmless error of why the two (2) unrelated cases were put together in one conference report and violating complete sections of Massachusetts Rules and Laws along with the defendant's Due Process Rights to Fair Trial.

The District Attorney as well as the defendant's Attorney had blended/mixed all Grand Jury Indictment numbers together for two (2) unrelated cases in one (1) pretrial conference report to make them appear as one (1) whole related case, without filing a Joinder Motion or the defendant's signature,Rule 9(a)(4). It would appear that if counsel wishes to challenge the Joinder of offenses or defendant's in the pleading stage, "a motion must be filed under Mass.R.Crim.P. 9(d)(1), Comm. V. Sylvester, 388 Mass. 749,448 N.E. 2d 1106 (1983); Mass. R.Crim.P. 9 (a)(4), Joinder of unrelated offenses for trial,[See exhibit A]. The indictment numbers at the top of this conference report are "90-2250 through 56", [See exhibits A,B&C,unrelated cases]. This shows that the District Attorney had involved both unrelated cases together by deception and this demomstrated that the joinder of the two (2) unrelated cases has resulted in prejudice to the defendant and that substantive rights

-7-

of the defendant have been adversely affected.Comm.V.

Sylvester, 388 Mass. 749,448 N.E. 2d 1106 (1983); Comm.

V. Doyle, Mass. App.Ct.544,364 N.E.2d 1283 (1977);Comm.

V.Slavski, 245 Mass.405,140 N.E. 465 (1923);Comm.V.

Jacobs, 52 Mass.App.Ct. 225,750 N.E.2d 1028 (2001);Comm.

V. Cotto, 52 Mass.App.Ct. 225,752 N.E.2d 768 (2001),

making them appear as one case,in violation of Mass.R.

Crim.P. 9.

The Commonwealth has violated these agreements

because there is no pretrial conference report in this

case,under Mass.R.Crim.P. 11.

In the reporters notes; subdivision (a),pretrial

conferences are "MANDATORY" that the Prosecuting Attorney

and Defense Counsel in Superior Court and Jury sessions

of the District Court hold a pretrial conference,Mass.R.

Crim.P. 11(a)(1), See Comm.V.Preston, 10 Mass.App.Ct.

807,413 N.E.2d 749 (1980). One solution is for the Judge

to examine the conference report in open Court, and place

on the record the understanding of any agreements of the

defendant's motions as to its contents of the report.[See

exhibits A,B&C]. Agreements are to be reduced to "writing

in the conference report" shall be binding on the parties

and shall control the subsequent course of the proceedings

Rule 11(2)(A),(b)(1)(D)(i)(ii)(iii)(iv). This conference

report is incomplete and/or non compliant to the

defendant's case above to the pretrial conference Rules

11(b)(2)(A). Section six (6) of line II, in the conference

-8-

report states."agreements reached by the parties concern-
ing matters other than discovery (specify): "NONE". [See
exhibit A]. The docket entries show that motions were    "
allowed by agreements" which are not apart of this report
that was allowed to be filed. [See exhibits A,B&C].
Pretrial conferences are "MANDATORY",this requirement is
imposed in recognition of the complexity inherent in Jury
trials. In the instant case they are not connected, and
therefore,should have separate pretrial conference
reports. The Joinder of unrelated cases and offenses such
as this case is prohibited, except at the instance of the
defendant or with his written consent, Rule 9(a)(4).

    This Joinder could qualify under the "Common Scheme
or Plan" of the balance of the rule, See United States V.
Werner, 620 F.2d 922,926-28 (2d Cir.1980); United States
V.Halper, 590 F.2d 422,430-32 (2d Cir.1978). Under
United States V.Randazzo, 80 F.3d 623,628 (1st Cir.(1996),
the burden of demonstrating the harmlessness of misjoinder
of *1035 offenses [52 Mass.App.Ct.47] is cast on the
prosecution.

    If the substance of a motion is agreed upon, that
fact and the agreements are set out in the conference
report ([a][2][A];[b][2][A]), infra, while it is unlikely
that a plan agreement will immediately result from the
conference, the defendant, following disclosure of the
Commonwealths case, may decide that a plea is his best
alternative therefore, the subject is properly discussed

-9-

at that time ([a][1][B]). The attendance of the defendant
at conference must be available. Mass.R.Crim.P. 11(a)(1),
(b)(1), Comm.V.Preston, 10 Mass.App.Ct. 807,413 N.E. 2d
927 (1980). Mass.R.Crim.P. 14. also see Comm.V.DeLaney,
11 Mass.App.Ct. 398,416 N.E. 2d 972 (1981). The purpose
of the conference is to focus upon the main issues of the
case, it is important for counsel to agree on as many
issues of the case as possible. It is important that the
parties put down the entire agreement[s] in the written
conference report. See Comm.V.DeLaney, 416 N.E. 2d 972
(1981). The conference report must contain the statements
of those matters upon which the parties have reached
agreements, including any stipulations of facts and
statements of those matters upon which the parties could
not agree which are the subject of pretrial motions, Mass.
R.Crim.P. 11(a)(2)(B). and cause must be shown, prosecutor
must show harmless error. "If there are multiple charges,
a motion filed pursuant to the rule must specify the
particular charge to which it is ment to apply".

    Mass.R.Crim.P. 13 (a)(2), a "pretrial conference is
of great importance in assisting the prosecutor in
determining what is exculpatory evidence in a particular
case". *1249 any agreements reached at the conference
in a conference report is filed with the Court. Mass.R.
Crim.P. 11 (a)(1), 378 Mass. 862 (1979). Mass.R.Crim.P.
12 (b)(2), which requires counsel to notify the Court of
the existance of any agreement contingent upon the
defendant's plea, as well as on the record in open Court

under Mass.R.Crim.P. 12 (c)(1).

In the reporters notes: *3048, The defenses upon
which a defendant intends to rely on are included in the
conference report as topics to be discussed at the
conference ([a][1][C]). Because a stipulation as to, e.g.,
the existance of a fact which, "establishes an element of
the crime charged". Agreements as to subdivisions (D)(ii)
and (iii), will assist the court in the management of its
Docket, See Mass.R.CriM.P. 10. If stipulations of fact
are agreed upon after discussion under (D)(V), they are
to be recorded in the conference report ([a][2][A],[b][2]
[A], infra).

In the reporters notes: *3049, Subdivision (a)(2)(A)
outlines the contents of the pretrial conference report
and establishes the requirement that it be signed by the
defendant when it contains agreements" which amounts to
waivers of Constitutional Rights or stipulations to
material facts. The defendant's signature should not be
pro forma, but should be subscribed only after his counsel
has explained the consequences of this act to him. To
expedite this procedure, subdivisions (a)(1) and (b)(1)
mandate that the defendant "shall be available for
attendance at the pretrial conference". See Comm.V.Preston,
10 Mass.App.Ct. 807.413 N.E.2d 972 (1980). This requirem-
ent assures also that the defendant's assent to other
"agreements" may readily be obtained. The conference
report is filed with the Clerk, whose responsibility

-11-

it is to monitor filing and advancement of "cases" for
trial. In the instant case there is no pretrial conference
report that was ever filed along with any written agreem-
ents.

The defendant has never received any exculpatory
evidence or discovery, [See exhibit A,Rule 14(a)(1),(a)(2)]
from the District Attorney or his appointed Attorney in
the case above,because there was never a pretrial confer-
ence report filed in this case. If there was a report
filed in this case it would contain any and all agreements
and the defendant's signature as required by Mass.R.Crim.
P. 11. and Rule 9(a)(4) of the Joinder motion for two (2)
unrelated cases.

These Rules are made by the Courts to regulate the
procedures in an orderly fashion,that establish the
fundamental rights to discovery and agreements for each
case that is unique and specific within its own character-
istics. The Rules of the Courts,have the force of law and
are as binding on the Courts as statutes. In re Berkwitz,
323 Mass. 41,80 N.E.2d 45 (1948). Because the rules have
the force of law and are as binding,they cannot be
disregarded by an individual Judge. Empire Apt.Inc.V.
Gray, 353 Mass. 333,231 N.E.2d 361 (1967); Petition of
Civitarese, 393 Mass. 310,231 N.E.2d 360 (1967).

Therefore, the Rules are binding upon the Court as
well as the parties and counsel cannot waive the Rules.
Comm.V.Cooper, 356 Mass. 74,248 N.E.2d 253 (1968). In

-12-

Cooper, the Court states that Rules of the Court are
indispensable to the orderly and efficient conduct of
a Courts business and they cannot be affected or dictated
by the caprice or design of counsel.

The Attorney John Roemer that was appointed to the
defendant in this case has violated the defendant's
rights. When the defendant was on the stand for his
colloquy, he denied all the charges in the indictments,
(as the record shows,[see exhibits D, transcript],and
the proceedings were stopped at that time. The Judge
directed the defendant's Attorney to "Speak to Him"...
when the defendant went and spoke to his Attorney John
Roemer off the record, which was his only real meeting
with his attorney about this case. The defendant aked
his attorney, "How can I plead guilty to something I did
not do? What about the police reports and all the evidence?
The defendant again told his attorney that the alleged
victim was intoxicated and had voluntarily put a condom
on him (which makes this consensual between adults,not
rape),his attorney stated that it will not make any
difference in a rape case and also stated that "he did
not receive any discovery or evidence from the Prosecutor"
but don't worry, just answer the Judges questions "YES",
because I,(his attorney John Roemer) and the (District
Attorney Joseph Moriarty) made an "Agreement/Recommendation"
to the sentence, Rule 11(a)(2)(A).(b)(2)(A), and that you
will be doing less time because you are pleading guilty

-13-

than the sentence you received from the Mayhem trial, (
which was an unrelated case of 12 to 20 years). The
defendant had to believe his appointed attorney and put
his trust in him that there was "No Exculpatory Evidence
or Discovery" given to him by the Prosecutor, Comm.V.
Gallarelli, 399 Mass. 17,502 N.E.2d 516 (1987), and
pleaded guilty to a larger sentence of 16-20 years with
no statutory good time, Strickland V.Washington, 466 U.S.
668,685 and with no discovery or evidence, See Sanchez
V.United States, 50 F.3d 1448,1453 (9th Cir.1995).

On the conference report section six (6) line (II),
[See exhibit A],there are no written agreements to that
section as it states, "NONE",Rule 11 (2)(A) [See motions
agreed upon,exhibits B&C]. The conference report attached
is in conflict with the Rules and of the two (2) unrelated
cases,Rule 9 (a)(4), and agreements that were not made
apart of this conference report or was it ever signed by
the defendant.

The conference report attached [See exhibit A], is
in conflict because of the two unrelated cases. These are
two (2) separate cases because the defendant was arrested
in Grafton,Mass.,[see exhibits C,90-2251,53,55.],and the
defendant was arrested on an unrelated case in Worcester,
Mass.,on the charge of Mayhem,[See exhibit B,90-2250.].
These cases should have and must have separate pretrial
conference reports because each case is unique and
procedures are needed to be tailored to fit its specific

characteristics when it contains agreements and those
agreements are to be written within the conference report
for each case according to its complexity, Mass.R.Crim.P.
10 (D)(V).([a][2][A],[b][2][A],infra.).

The District Attorney is trying to deceive the Courts
by making this conference report one (1) complete report
for two (2) unrelated cases. If any of the alleged mater-
ials of discovery,exculpatory evidence and agreed upon
motions were available to the excluded defendant from the
pretrial conference hearing, Comm.V.Preston, 10 Mass.App.
Ct. 807,413 N.E.2d 972 (1980), there would have been an
available substantial ground of defense and the outcome
of the case would have been different if both Attorney's,
one for the Commomwealth and one for the defendant, had
simply followed the Mass.R.Crim.P., of the Courts and that
each case is unique and it is Mandatory that each case
have separate pretrial conference reports because of
their complexity and agreements and if the defense
Attorney had made it known to the Court that the alleged
victim was intoxicated and had in fact put a condom on
the defendant (which makes this consensual between adults,
not rape), the outcome would have been different because
there was an available substantial ground of defense.

The defendant wrote a complaint to the BBO, six
months after he was convicted waiting for his Attorney
to send him the discovery and evidence so that he could

-15-

make a proper appeal, but received nothing. Attorney John
Roemer, stated to the board that he did send a package to
the defendant, but that was for the Mayhem case, indict-
ment No's.,90-2250,54,56; nothing was ever sent to the
defendant on the rape charge, indictments, 90-2251,53,55.
[See exhibits E], a letter of complaint and their response
from the BBO, recently.

       2.   DID THE MOTION JUDGE ERROR BY DENYING
          DEFT"S MOTION TO WITHDRAW HIS GUILTY PLEA
          BASED ON PROSECUTORIAL MISCONDUCT AND
          INEFFECTIVE ASSISTANCE OF COUNSEL
              UNDER THE BRADY RULE?

      The defendant is attacking his guilty plea on the
grounds that the Government failed in it's Brady Duty,
Brady V.Maryland, 373 U.S. 83 (1963); Sanchez V.United
States, 50 F.3d 1448,1453 (9th Cir.1995)("a waiver
cannot be deemed intelligent and voluntary if entered
without the knowledge of material information withheld
by the prosecution"); See also United States V.Avellino,
136 F.2d 249,255 (2d Cir.1998); Nguyen V.United States,
114 F.2d 699,705 (8th Cir.1997), and violated the Mass.
R.Crim.P. 11, of the pretrial conference report.

      In line two (2) of the report [See exhibit A],it
states "The Commonwealth will provide the defendant in
writing, inspection of evidence and documents", the
defendant was never notified in writing of any alleged
discovery or evidence that was available to him in this
case, Rule 14(a)(2). In the pretrial conference report

that was suppose to be filed in this case pursuant to
Mass.R.Crim.P. 11 (a)(2)(A) the Commonwealth agreed to
furnish the defendant with the mandatory discovery
guaranteed by Mass.R.Crim.P. 14 (a)(1)(C), 378 Mass.
874 (1979), as to "any facts of an exculpatory nature
within the possession,custody or control of the Prosecutor".
Id. Under Rule 11, pretrial agreements are binding on
the parties and have the force of a Court order. Comm.
V.Lam Ho To, 391 Mass. 301,304 n.3,461 N.E.2d 776 (1984).
cf. Comm. V.DeLaney, 11 Mass.App.Ct. 398,403 n.3, 416
N.E. 2d 972 (1981). Evidence is exculpatory if it tends
to negate the guilt of the accused. The defendant was
prejudiced by the suppression/non filing of the
conference report.

      The defendant urges the Commonwealth to follow the
approach recently adopted for use in the Federal Courts.
See United States V.Bagley, 473 U.S. 667,105 S.Ct.3375,
87 L.Ed.2d 481 (1985). In Bagley, the United States
Supreme Court devised a test for materiality which it
regards as "sufficiently flexible to cover the no
request,general request and specfic request" cases of
prosecutorial failure to disclose evidence favorable to
the accused". Id. at 3384. By the Bagley test, "the
evidence is material only if there is a reasonable
probability that, had the evidence been disclosed to the
defendant, the results of the proceedings would have
been different, a reasonable probability is a probability

sufficient to undermine confidence in the outcome". The
more prudent safeguards of the defendant's rights now
found in the numerous decisions which have developed a
traditional approach to these issues. See Comm. V.Ellison,
supra 376 Mass. at 23-25, 379 N.E.2d 560, and cases cited.
MassR.Crim.P. 11 (a)(2)(A), 14 (a)(1)(C),(c)(1) 43c
M.G.L.A..

The Commowealth is in violation of the following:
The Brady violation: deliberate nondisclosure to the
defendant of "all" Discovery and Exculpatory Materials
and Prosecutorial Misconduct [District Attorney Joseph
Moriarity] and [Defendant's Attorney John Roemer].

The A.B.A. code of professional responsibility, the
A.B.A. Model Rules of professional conduct and the A.B.A.
standards for criminal Justice address the above questions
in other cases) as this.

Disciplinary Rule 7-103, of the code status: "a
police,prosecutor or other Government Lawyer in criminal
litigation, shall make timely disclosure to counsel for
the defendant, or to the defendant who has no counsel,
of the existance of evidence known to the prosecutor or
other Government Lawyer, that tends to negate the guilt
of the accused mitigate the degree of the offense reduce
the punishment". [Emphasis added.] Chapter 3,Rule 3.4
(a)(e)[1][2].

Please note: That the Commonwealth is in violation
of this Rule, Model Rule 3.8(d) states; The Prosecutor

in a criminal case shall...make timely disclosure to
the defense of all evidence or information known to the
prosecutor that tend to negate guilt of the accused or
mitigates the offense".[Emphasis added.]

Please note: The Commonwealth is in violation of this
rule: A.B.A. Standard for Criminal 3-3.11(a) states: "A
prosecutor should not intentionally fail to make timely
disclosure to the defense at earliest feasable opportunity
of the exsistance of all evidence of information which
tends to negate guilt of the accused or mitgate the
offense charged which would tend to reduce the punishment
of the accused".[Emphasis added.]

Please note: The Commonwealth is in violation of
this rule: A.B.A. standard for criminal Justice 3-1.2(c)
states; The duty of the prosecution is to seek Justice,
"NOT MERELY TO CONVICT".

CONCLUSION

The defendant has shown that the Commonwealth has
failed to file a pretrial conference report according
to the Mass.R.Crim.P.,of Rule 11,as well as other Rules
within this case and violation of these rules include
failure to provide discovery and exculpatory evidence.

There are to many Rules,Regulations and Laws that
have been completely violated by the Commonwealth to make
this conviction.

For all of the reasons stated above, this Honorable

-19-

Court is requested to the rule on the above pleadings, findings of the facts and Rulings of Law both precendential and anew. The defendant further request this Court to refrain from Summary Disposition 1:28,as that Court Rule violates Federal Law under the void for vagueness and Due Process standards of statutory construction which careens headlong into the United States Constitution.

For the above,disposition must come by specific facts and laws, both State and Federal, in order to avoid further violations of Article 11 & 12 of the Massachusetts Bill of Rights and Amendments 5,6 and 14 Due Process, Fair Trial, and all Bill of Rights and Federal Laws in the State Courts).

Therefore, requiring that the guilty pleas be set aside for an Evidentiary Hearing,resentencing and/or for a New Trial.

Respectfully Submitted,

Robert Hendrickson Pro se.
P.O. Box 8000
Shirley,Mass. 01464

Date: 3 / 2 /03