*EXHIBIT A*

# COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT
## OF THE TRIAL COURT

WORCESTER, SS.

CRIMINAL
NO. *90-2250*
*Thru 56*

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS ) | |
| ) | |
| vs. ) | PRETRIAL CONFERENCE REPORT* |
| ) | |
| *Robert Hendrickson* ) | |

A pretrial conference was held on *October 1* ............, 19 *90* with the following results:

1. Agreements reached by the parties concerning discovery [1], [2]

1. (Mandatory discovery for the defendant — Rule 14 (a) (1) The Commonwealth agrees to provide the defendant on or before *two weeks before TR.*........, 19 the following:

☑ written or recorded statements of the defendant in possession, custody, or control of the Commonwealth.

☑ relevant written or recorded grand jury testimony.

☑ any facts of an exculpatory nature within the possession, custody, or control of the prosecutor.

2. (Discretionary discovery for the defendant — Rule 14 (a) (2). The Commonwealth agrees that on or before *two weeks before TR.*........, 19 it will provide the <u>defendant</u> in writing, or to allow inspection of, the following which are in the possession of the Commonwealth:

☑ material and relevant physical evidence and documents (specify) , *if any* ...............

☑ reports of mental or physical examinations and of scientific tests , *if any*

☑ statements of persons ,as defined in Rule 13(d)

☑ names and addresses of proposed witnesses.

3. (Reciprocal discovery for the prosecution — Rule 14(a) (3). Defendant agrees that on or before *two weeks before TR.*........, 19 is will provide the Commonwealth in writing, or allow inspection of, the following which are in the possession of the defendant:

☑ the following material and relevant physical evidence and documents (specify) ,
*a copy of the probable cause transcript , if any*

☑ reports of mental or physical examinations and of scientific tests

☑ statements of persons (as defined in Rule 13(d)

☑ names and addresses of proposed witnesses.

4. (Notice of alibi — Rule 14(b) (1) ) The Commonwealth hereby notifies the defendant that the time, date and place of the alleged offense was as follows: *N/A*

Defendant agrees, if an alibi defense will be offered, to notify the Commonwealth in writing (signed by the defendant) on or before *N/A* ........ 19 ...., of the place or places as which the defendant claims to have been at the time of the alleged offense and the names and addresses of the defendant's ilibi witnesses.

**\*Strike out inapplicable parts of the form, fill in dates, check boxes and provide other information as indicated; attach additional sheets as needed.**

See footnotes 1, 2 and 3 on reverse side.

M.R. Crim. P. 11(a) (2)

EXHIBIT
B

*NOTE: WHATS A RAPE KIT DOING ON AN UNRELATED CASE.*

*WHAT AGREEMENTS? They are not on the pretrial conference report...*

**COMMONWEALTH VS.**    ROBERT W. HENDRICKSON    90 — 2250

OF WORCESTER    *Other case Grafton, Mass.*

COMMONWEALTH OF MASSACHUSETTS, WORCESTER, ss. SUPERIOR COURT CRIMINAL DOCKET

*Note: Unrelated case*

Offense: Armed Assault with Intent to Murder 265/15    Place: Worcester

Surety and amount:

Counsel: John Roemer, Public Counsel, 340 Main Street, Worcester 10/25/90

Justice disposing of case: Mulkern, J.

| 1990 | | |
|------|---|---|
| August | 17 | 1 | Indictment |
| | 20 | | Summons - return day 9/4/90 |
| Sept. | 4 | | Plea Not Guilty |
| | | | Bail $10,000 cash without prejudice (Greenberg, J.) |
| | | | Bail Warrant issued |
| Oct. | 1 | | Conference and report 9/18/90 |
| | 2 | | Pretrial Conference, filed and approved (O'Neil, J.) |
| | 3 | | Motion for Bill of Particulars, filed in Court and Allowed by agreement (O'Neil, J.) |
| | 4 | | Motion for Exculpatory Evidence - Criminal Records of Commonwealth Witness, filed in Court and Allowed by agreement (O'Neil, J.) |
| | 5 | | Motion for Medical and Physical Evidence-Hospital Records and Johnson |
| | | | Rape Kits, filed in Court and Allowed by agreement (O'Neil, J.) |
| | 6 | | Motion to Inspect Medical Records, filed in Court and Allowed by agreement (O'Neil, J.) |
| | 16 | 7 | Motion for Bill of Particulars, filed. |
| | | 8 | Motion for Exculpatory Evidence-Criminal Records of Comm. Witness, filed. |
| Nov. | 23 | 9 | Motion #8 Allowed (Tuttle, J.) |
| | 26 | 10 | Motion for Required Finding of Not Guilty, filed and Denied (Mulkern, J.) |
| | | 11 | Request for Jury Instructions, filed in Court |
| | | | Motion in Limine to Exclude evidence of Defendant's Prior Conviction(s), filed in Court |
| | 26 | 12 | Verdict--Not Guilty |
| | | | Defendant discharged (Mulkern, J.) |

Exhibit C

COMMONWEALTH VS.    ROBERT H. HENDRICKSON    90 — 2251

OF GRAFTON

COMMONWEALTH
OF
MASSACHUSETTS
WORCESTER, SS.
SUPERIOR COURT
CRIMINAL
DOCKET

| | | |
|---|---|---|
| Offense: | Aggravated Rape 265/22 | Place: Grafton |
| Surety and amount: | | |
| Counsel: John Roemer, Public Counsel, 340 Main Street, Worcester 10/25/90 | | |
| Justice disposing of case: | Mulkern, J. | |

| 1990 August 17 | 1 | Indictment |
| | 20 | Summons - return day 9/4/90 |
| Sept. 4 | | Plea Not Guilty |
| Oct. 1 | | Pretrial Conference Report, filed and approved (See #2 case 90-2250) |
| | | Motion for Bill of Particulars, filed in Court and Allowed by agreement (See #3 case 90-2250) |
| | | Motion for Exculpatory Evidence - Criminal Records of Commonwealth Witness, filed in Court and Allowed by agreement (See #4 case 90-2250) |
| | | Motion for Medical and Physical Evidence - Hospital Records and Johnson Rape Kits, filed in Court and Allowed by agreement (See #5 case 90-2250) |
| | | Motion to Inspect Medical Records, filed in Court and Allowed by Agreement (See #6 case 90-2250) |
| Nov. 26 | | ~~Retract~~ Plea of Not Guilty |
| | | Plea Guilty |
| | | Sentence: 16 - 20 years M.C.I. Cedar Junction, said sentence to run concurrent with #90-2256, credit 168 days Chapter 279, Section 33A (Mulkern, J.) |
| | | Mittimus issued |
| | | Defendant notified of his right to appeal |
| 1991 Feb. 25 | | Order from Appeals Court, received |
| | | Motion to REVIse and Revoke Sentence, filed - copy to Judge Mulkern |
| | | Motion to Appoint Counsel for Revoke and Revoke Hearing, filed - copy to Judge Mulkern |
| april 26 | 2 | Motion to Withdraw Guilty Pleas and for a New Trial and Affidavit in Support, filed |
| | 3 | Motion for the Appointment of Counsel, filed |

EXHIBIT

C

# COMMONWEALTH VS.

### ROBERT W. HENDRICKSON

### OF GRAFTON

**90 — 2253**

COMMONWEALTH
MASSACHUSETTS
WORCESTER, ss.
SUPERIOR COURT
CRIMINAL
DOCKET

**Offense:** Indecent Assault and Battery 279:5 M.S. 136

**Place:** Grafton

**Surety and amount:**

**Counsel:** John Roemer, Public Counsel, 340 Main Street, Worcester 10/25/90

**Justice disposing of case:** Mulkern, J.

| 1990 August 17 | 1 | Indictment |
| 20 | | Summons - return day 9/4/90 |
| Sept. 4 | | Plea Not Guilty |
| Oct. 1 | | Pretrial Conference Report, filed and approved (See #2 case 90-2250) |
| | | Motion for Bill of Particulars, filed in Court and Allowed by agreement (See #3 case 90-2250) |
| | | Motion for Exculpatory Evidence - Criminal Records of Commonwealth Witness, filed in Court and Allowed by agreement (See #4 case 90-2250) |
| | | Motion for Medical and Physical Evidence - Hospital Records and Johnson Rape Kits, filed in Court and Allowed by agreement (See #5 case 90-2250) |
| | | Motion to Inspect Medical Records, filed in Court and Allowed by Agreement (See #6 case 90-2250) |
| Nov. 26 | | Retract Plea of Not Guilty |
| | | Plea Guilty |
| | | Sentence:   4 - 5 years M.C.I. Cedar Junction, said sentence to run concurrent with #90-2256, credit 168 days Chapter 279, Section 33A (Mulkern, J.) |
| | | Defendant notified of his right to appeal |
| | | Mittimus issued |
| 1991 Feb. 25 | | Order from Appeals Court, received |
| | | Motion to Revise and Revoke Setnence (See case 90-2251) |
| | | Motion for Appointment of Counsel for Revoke and Revise (See case 90-2251) |
| April 26 | | Motion to Withdraw Guilty Pleas and For a New Trial and Affidavit in Support (See #2 case 90-2251) |
| | | Motion for the Appointment of Counsel (See #3 case 90-2251) |

-over-

EXHIBIT

C

Asst. Clerk

photostatic process.

# COMMONWEALTH VS.

### ROBERT W. HENDRICKSON

### OF GRAFTON

## 90 — 2255

COMMONWEALTH OF MASSACHUSETTS WORCESTER, SS. SUPERIOR COURT CRIMINAL DOCKET

Offense: Kidnapping 265/26  Place: Grafton

Surety and amount:

Counsel: John Roemer, Public Counsel, 340 Main Street, Worcester 10/25/90

Justice disposing of case: Mulkern, J.

| | | |
|---|---|---|
| 1990 August 17 | 1 | Indictment |
| | | Summons - return day 9/4/90 |
| Sept. 4 | | Plea Not Guilty |
| Oct. 1 | | Pretrial Conference Report, filed and approved (See #2 case 90-2250) |
| | | Motion for Bill of Particulars, filed in Court and Allowed by agreement (See #3 case 90-2250) |
| | | Motion for Exculpatory Evidence - Criminal Records of Commonwealth Witness, filed in Court and Allowed by agreement (See #4 case 90-2250) |
| | | Motion for Medical and Physical Evidence - Hospital Records and Johnson Rape Kits, filed in Court and Allowed by agreement (See #5 case 90-2250) |
| | | Motion to Inspect Medical Records, filed in Court and Allowed by Agreement (See #6 case 90-2250) |
| Nov. 26 | | Retract Plea of Not Guilty |
| | | Plea Guilty |
| | | Sentence: 9 - 10 years M.C.I. Cedar Junction, said sentence to run concurrent with #90-2256, credit 168 days Chapter 279, Section 33A (Mulkern, J.) |
| | | Mittimus issued |
| 1991 Feb. 25 | | Order from Appeals Court, received |
| | | Motion to Revise and Revoke Setnence (See case 90-2251) |
| April 26 | | Motion for Appointment of Counsel for Revoke and Revise (See case 90-2251) |
| | | Motion to Withdraw Guilty Pleas and For a New Trial and Affidavit in Support (See #2 case 90-2251) |
| | | Motion for the Appointment of Counsel (See #3 case 90-2251) |

-over-

EXHIBIT

D

PAGE 8

1    NEAR A LAKE.  SHE DEMANDED THAT THE DEFENDANT

2    TAKE HER HOME, WHICH HE WOULD NOT.  THE

3    DEFENDANT PUT THE VEHICLE IN PARK AND PUSHED

4    BACK THE PASSENGER SEAT OF THE AUTOMOBILE, AND

5    HE PROCEEDED TO GET ON TOP OF HER.  PULLED HER

6    HEAD BACK, HELD HER BY THE HAIR, AND DEMANDED

7    THAT SHE TAKE HIS PENIS OUT OF HIS PANTS OR

8    HE'D KILL HER.  THEREAFTER HE TOOK HER PANTS

9    OFF, HE ENTERED HER VAGINALLY WITH HIS PENIS.

10    MS ODETT TRIED TO PUSH HIM AWAY BUT SHE COULD

11    NOT.  THE DEFENDANT THEN BROUGHT HER BACK TO

12    THE FRENCH CONNECTION WHERE SHE REPORTED THE

13    INCIDENT TO A BARTENDER AND THEREAFTER TO THE

14    POLICE.

15    Q.   NOW, YOU HEARD WHAT MR. MORIARTY SAID?

16    A.   YES.

17    Q.   IS WHAT HE SAID TRUE?

18    A.   NO.

19    Q.   ALL RIGHT.  IN WHAT RESPECT?

20    A.   THERE WAS -- THE INCIDENT THAT WAS SUPPOSEDLY

21    HAPPENED WAS DOWN AT UNCLE CHARLIE'S ON

22    GRAFTON STREET.  AND FROM THE WITNESSES DOWN

23    THERE, THEY SAID THAT THE INCIDENT HAPPENED

24    BEHIND THE BAR.

EXHIBIT

D

PAGE 9

1    Q.    WELL LOOK --

2    A.    OR BEHIND THE BUILDING.

3    Q.    SO, PLEASE UNDERSTAND WHAT I AM DOING NOW.  I

4          HAVE TO BE PRETTY CERTAIN, IN FACT CERTAIN,

5          THAT YOU, IN FACT, DID WHAT IS ALLEGED IN

6          THESE INDICTMENTS.  NOW, WHERE IT OCCURRED IS

7          NOT ALL THAT IMPORTANT.  WHAT IS IMPORTANT IS

8          WHETHER OR NOT YOU CONFINED KATHLEEN ODETT

9          AGAINST HER WILL AT SOME POINT IN TIME, KEPT

10         HER FROM GOING WHERE SHE WANTED TO GO, THAT IS

11         KIDNAPPING.  DID YOU DO THAT?

12   A.    NO, I DIDN'T.

13               THE COURT:  OKAY.  YOU WANT TO TALK

14         TO HIM OR --

15               MR. ROEMER:  IF I MAY JUST A MOMENT,

16         YOUR HONOR.

17               THE COURT:  GO AHEAD.

18               MR. ROEMER:  STEP OVER HERE?

19               THE COURT:  SURE.

20               MR. ROEMER:  (CONFERRING WITH THE

21         DEFENDANT).

22         EXAMINATION BY THE COURT

23   Q.    NOW, MR. HENDRICKSON, YOU HAVE HAD AN

24         OPPORTUNITY TO TALK TO MR. ROEMER?

EXHIBIT

*D*

PAGE 10

1    A.   YES.

2    Q.   AND NOW, I WANT YOU TO UNDERSTAND ME HERE.

3         YOU HEARD WHAT MR. MORIARTY SAID.  DID YOU

4         CONFINE THE YOUNG LADY AGAINST HER WILL FOR

5         SOME PERIOD OF TIME?

6    A.   YES, I DID.

7    Q.   ALL RIGHT.  DID YOU HAVE SEXUAL INTERCOURSE

8         WITH HER?

9    A.   YES, I DID.

10   Q.   AND WAS IT AGAINST HER WILL?

11   A.   YES.

12   Q.   ALL RIGHT.  AND EITHER BEFORE OR DURING THE

13        COURSE OF THAT, DID YOU INDECENTLY TOUCH HER?

14   A.   YES.

15             THE COURT:  ALL RIGHT.  I FIND THERE

16        IS AN ADEQUATE BASIS IN FACT FOR THE PLEA.

17        YOU MAY TAKE THE PLEA, MR. SULLIVAN.  I AM

18        GOING TO FIND BASED ON THE FACTS THAT I HAVE

19        HEARD, THAT THE INDICTMENT ALLEGING RAPE IS

20        MERGED WITH THAT INDICTMENT ALLEGING

21        AGGRAVATED RAPE.  DO YOU WANT TO BE HEARD ON

22        THAT, MR. MORIARTY?

23             MR. MORIARTY:  NO, SIR.

24             THE COURT:  ALL RIGHT.  SO THIS IS

EXHIBIT

E

Robert Hendrickson
P.O. Box 466
Gardner, Mass. 01440

Laurie G. Aaron, Administrator
Board of Bar Overseers
75 Federal Street
Boston, Ma. 02110                         Date: 30th of October 2001


RE: REQUEST FOR INVESTIGATION


Dear Ms. Aaron:

    Please except the enclosed four (4) page memorandum as my
complaint and request for materials and investigation against
Attorney, John Roemer, whose business address is 390 Main Street
Worcester, Mass. 01608. Also enclosed are copies of the Docket
entries made by the Court with dates and Motions filed only
by agreement, needing these agreements as well to be forwarded.

    This complaint alleges that Attorney Roemer has committed,
Inter Alia, acts of misconduct as set forth in the attached
memorandum.

    I understand that a copy of this complaint may be mailed
to Attorney Roemer for a reply.

    I also understand that this matter must be kept confidential
by the Bar Counsel and the Board of Bar overseers.

                              Very truly yours,

                              *Robert Hendrickson*
                              Robert Hendrickson


Enclosures (11)



EXHIBIT

E

Memorandum:

RE: Commonwealth V. Robert Hendrickson
    Worcester Superior Court No.90-2251-52-53-55

        In accordance with the standards set forth in the Massachusetts
Rules of Professional Conduct,Rule 3:07 et seq.,and the enabling
statue G.L. ch.221, § 40,Mr. Robert Hendrickson,(hereinafter
"Hendrickson" or "grievant"), files the following complaint against
Attorney,John Roemer, (hereinafter "Roemer" or"respondent").

                        STATEMENT OF FACTS

        The grievant was appointed by the Court a CPCS Attorney
approximately eleven (11) years ago for representation on the
following matters:

        (1) To investigate all matters and retain all police reports
(several reports made by victim) and medical reports (rape kit).

        (2) Filing motions on agreement with the Court without
speaking to the grievant on any matters of the case for trial.
(see attachments "Docket entry sheets").

        (3) The respondent stated to the grievant that he never
received any of the police or medical reports from the District
Attorney's office.

        For the above stated services the respondent never gave the
the grievant a fair representation and the grievant plead guilty
without investigative materials or exculpatory evidence. The
grievant was appointed Attorney Richard Shea for appeal and none
of the investigative material was apart of his appeal.

        Since the grievant was appointed the respondent,the
respondent has met with the grievant only once in the above
matter.The grievant has made several attempts to contact the
respondent via letters and telephone calls. The grievant's letters
have gone unanswered and the telephone calls have been refused at
the respondent's end.

                            COMPLAINT

RULE 1.4 Communication

        (a) A lawyer shall keep a client reasonably informed about
the status of a matter and promptly comply with resonable request
for information.

                            2 of 4

EXHIBIT

E

[1] In this case, the respondent has neglected to keep the grievant reasonably informed regarding the status of investigative material and/or exculpatory evidence of the pending matters for which he was retained. In addition thereto, the respondent has refused to answer the grievant's letters and telephone calls.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[1] The respondent has refused to explain the pending matters to the grievant and has refused to provide sufficient information for the grievant's participation in making intelligent decisions concerning his pending matters for which the respondent was retained.

RULE 1.3 Diligence

(a) A lawyer shall act with reasonable diligence and prompness in representing a client. The lawyer should represent a client zealously within the bounds of law.

[1] The respondent has ignored the grievant's many requests to vindicate the grievant's endeavors for which he was retained. The respondent's commitment and dedication to the interests of the grievant's end, have been professionally inadequate for a defense at best. The respondent has not carried through to conclusion, all matters undertaken for the grievant.

RULE 1:6 Declining or terminating representation

Discharge:

(a) A client has the right to discharge a lawyer at any time, with or without cause.

[1] The grievant wrote several letters to the respondent's superior/Boss at CPCS at 390 Main St., Worcester, on or about September of 1990, explaining that the respondent has not met with the grievant nor has he retained any of the investigative material or exculpatory evidence pending against his client. The grievant received a letter back stating that if the grievant was having problems with his lawyer, he was to bring this matter before a Judge. The grievant started to file with the Board of Bar Overseers in October of 1990, but never had the chance to follow through with the complaint because he was late on receiving the complaint form and was heading for trial/plea hearing without the investigative material or exculpatory evidence.

For the foregoing reasons, the grievant respectfully requests an investigation ensue regarding the respondent's behavior and to turn over any and all investigative materials and exculpatory evidence that the grievant has asked for in the above complaint.

EXHIBIT

E

Respectfully Submitted
by the grievant,

*Robert Hendrickson*
Robert Hendrickson

Date: October 30, 2001

E

# OFFICE OF THE BAR COUNSEL

BOARD OF BAR OVERSEERS OF THE SUPREME JUDICIAL COURT

75 Federal Street
Boston, Massachusetts 02110
(617) 728-8750
Fax: (617) 357-1866
www.state.ma.us/obcbbo

DANIEL C. CRANE
BAR COUNSEL

December 6, 2001

LEGAL CORRESPONDENCE

Mr. Robert Hendrickson
P.O. Box 466
Gardner, MA 01440

Dear Mr. Hendrickson:

We are in receipt of your recent correspondence.

The Office of the Bar Counsel investigates complaints of ethical misconduct against attorneys registered to practice in the Commonwealth of Massachusetts. Our jurisdiction is limited to violations of the Massachusetts Rules of Professional Conduct that regulate the practice of law in this state. However, please be advised that this office generally is precluded from investigating allegations concerning acts or omissions occurring more than six (6) years prior to the date of the filing of a complaint. Furthermore, we do not in the first instance have jurisdiction over claims of ineffective assistance of counsel.

Your grievance essentially alleges that Attorney Roemer did not provide adequate representation in a criminal proceeding. Without making any judgment as to the merits of your claim, such concerns should in the first instance be raised in court in an appeal or post-conviction proceeding. If you wish to pursue these claims in court, we would suggest that you consult with another lawyer. If you cannot afford counsel to represent you, you should file a motion for the assistance of counsel. You might also consult the Committee for Public Counsel Services, 99 Chauncy Street, 10th Floor, Boston, MA 02111, telephone number (617) 482-6212. For referral to private counsel you might contact the Massachusetts Bar Association Lawyer Referral Service, 20 West Street, Boston, MA 02111-1218, telephone number (800) 392-6164. If any post-conviction proceedings you undertake result in a decision by any court suggesting misconduct by an attorney, please bring this matter to our attention again at that time.

I am returning your correspondence to you for your convenience. A copy will be retained in our records for ninety days.

Sincerely,

Alison Mills Cloutier
Assistant Bar Counsel

Enclosure

CERTIFICATE OF SERVICE

I hereby certify that on this day I have mailed a true copies of the above documents and was served by first class mail to the Clerks Office at the Appeals Court, 1500 Court House, Boston, Mass. 02108 and the District Attorney's Office at 2 Main St., Worcester, Mass. 01608, at Worcester Superior Court.

Date: MARCH 2, 03                          Robert Hendrickson