```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

ROBERT HENDRICKSON,              )
                                 )
         Petitioner,             )
    v.                           )   C.A. No. 04-40153-FDS
                                 )
STEVEN J. O'BRIEN,               )
SUPERINTENDENT,                  )
                                 )
         Respondent.             )

## MEMORANDUM AND ORDER

On August 18, 2004, petitioner Robert Hendrickson, now incarcerated at NCCI Gardner, submitted for filing his petition for writ of habeas corpus under to 28 U.S.C. § 2254 accompanied by an Application to Proceed Without Prepayment of Fees. For the reasons stated below, the Court (1) denies petitioner's Application to Proceed Without Prepayment of Fees; (2) grants petitioner additional time to pay the $5.00 filing fee; and (3) directs the clerk to amend the case caption and serve the petition.

## DISCUSSION

I.  Petitioner's Application to Proceed
    Without Prepayment of Fees is Denied

A party filing a Section 2254 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an Application to Proceed Without Prepayment of Fees ("Application"). See 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis).

1

As an initial matter, petitioner failed to answer questions 3(f) and 4 on the Application concerning his sources of income, cash and bank accounts. However, the Court notes that petitioner submitted a certified copy of his prison account statement indicating that he has $7.26 in his personal account and $237.38 in his savings account. Petitioner's Application reveals that he earns $14 each week from prison employment. On this record, the Court finds that petitioner has sufficient funds to pay the $5.00 filing fee.

II. The Clerk Shall Correct the
Case Caption and Serve the Petition

Robert Hendrickson's petition under 28 U.S.C. § 2254 for writ of habeas corpus names as respondent the Commonwealth of Massachusetts. See Docket No. 2. The proper respondent to a Section 2254 petition is the petitioner's custodian, which in this case is Steven J. O'Brien, the Superintendent of N.C.C.I. Gardner. See Rule 2(a) of Rules Governing Section 2254 Cases; 28 U.S.C. § 2243. The Clerk shall amend the case caption to reflect that Superintendent O'Brien is the sole respondent in this action.

The Court will direct the Clerk to serve the petition on Superintendent O'Brien and the Attorney General for the Commonwealth of Massachusetts. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (service).

<u>ORDER</u>

ACCORDINGLY, for the reasons stated above, it is hereby

ORDERED

(1) petitioner's Application to Proceed Without Prepayment of Fees is DENIED. Petitioner must pay the $5.00 filing fee to the Clerk of Court within forty-two (42) days from the date of this Memorandum and Order, or this action will be subject to dismissal.

(2) the Clerk shall correct the case caption to list Steven J. O'Brien, Superintendent as the sole respondent.

(3) the Clerk shall serve a copy of this Memorandum and Order and the petition by mailing copies, certified mail, to <u>Superintendent Steven J. O'Brien, NCCI Gardner, P.O. Box 466, Gardner, MA 01440</u>; AND <u>Cathryn A. Neaves, Assistant Attorney General, Office of the Attorney General, One Ashburton Place, Boston, MA 02108-1598.</u>

(4) the Respondent shall, within 20 days of receipt of this Memorandum and Order, file an answer (or other proper responsive pleading) to the habeas petition. This Court further requests the Respondent, as part of the return, to file such documents which reflect on the issue as to whether Petitioner exhausted available state remedies with respect to the matters raised by the Petition.

SO ORDERED.

Dated at Worcester, Massachusetts, this 25th day of August 2004.

_____
F. DENNIS SAYLOR, IV
UNITED STATES DISTRICT JUDGE