UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HENDRICKSON )<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVEN O'BRIEN )<br>Respondent. )<br>) | Civil Action No. 04-40153-FDS |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Robert Hendrickson (the "petitioner"). As argued in this memorandum, the petition should be dismissed on the ground that it is time-barred under 28 U.S.C. §2244(d)(1).[1]

### PRIOR PROCEEDINGS

On August 17, 1990, a Worcester County grand jury returned a multi-count indictment charging the petitioner with armed assault with intent to murder; aggravated rape; indecent assault and battery on a person 14 or over; assault and battery by means of a dangerous weapon; kidnaping; and mayhem. *See* Exhibits A through F, Docket Entries, *Commonwealth v. Hendrickson*, WOCR90-2250 through WOCR90-2256. On November 26, 1990, after a jury trial before Massachusetts Associate Justice Robert V. Mulkern, the petitioner was convicted of mayhem and assault and battery by means of a dangerous weapon. *See* Exhibits D and E. The

---

[1] Since the petition must be dismissed under the statute of limitations, the respondent does not address herein the merits of the petition. Should this Court rule that this petition is not time barred, the respondent respectfully requests additional time to file an answer and a proposed scheduling order for the parties to brief the merits of the petition.

petitioner was found not guilty of armed assault with intent to murder. *See* Exhibit A. Later the same day, the petitioner entered guilty pleas on charges of aggravated rape, indecent assault and battery, and kidnaping. *See* Exhibits B, C, and F.

In 1991, the petitioner filed a motion, amended in 1992, to withdraw his guilty pleas and for a new trial, raising several grounds, including claims that his pleases were neither knowing or voluntary, and that his counsel was ineffective. *See* Exhibit G, *Commonwealth v. Hendrickson*, 51 Mass. App. Ct. 1115, 749 N.E. 2d 722 (2001). The judge who took his pleas heard and denied the motion on July 23, 1992. *See* Exhibit D at p. 2. The petitioner appealed and on March 23, 1993, the Massachusetts Appeals Court affirmed the ruling in a memorandum and order issued pursuant to Appeals Court Rule 1:28. *See Commonwealth v. Hendrickson*, 34 Mass. App. Ct. 1112 (1993). On April 26, 1993, the Massachusetts Supreme Judicial Court ("SJC") denied further appellate review. *See Commonwealth v. Hendrickson*, 415 Mass. 1101, 616 N.E.2d 468 (1993).

In 1994, the petitioner filed two additional motions for new trial, both of which were denied. *See* Exhibits B at p.2, C at p. 2 and D at p. 3. The Massachusetts Appeals Court issued two decisions pursuant to Appeals Court Rule 1:28 affirming the orders of denial. *See Commonwealth v. Hendrickson* (No.1), 39 Mass.App.Ct. 1104, 653 N.E.2d 1149 (1995) and *Commonwealth v. Hendrickson* (No.2), 39 Mass.App.Ct. 1104, 653 N.E.2d 1149 (1995). On November 27, 1995 and January 26, 1996, the SJC denied further appellate review as to both. *See Commonwealth v. Hendrickson* (No.1), 421 Mass. 1106, 657 N.E.2d 1272 (1995) and *Commonwealth v. Hendrickson*, 422 Mass. 1101, 661 N.E.2d 100 (1996).

In 1999, the petitioner filed another motion to vacate his guilty plea that was denied by Massachusetts Superior Court Associate Justice James P. Donohue. *See* Exhibits B at p. 3, C at p. 2 and D at p. 3. The petitioner appealed and on June 19, 2001, the Appeals Court, in a memorandum and order pursuant to Appeals Court Rule 1:28, affirmed the order denying the motion to vacate the guilty plea. *See* Exhibit G, *Commonwealth v. Hendrickson*, 51 Mass. App. Ct. 1115, 749 N.E. 2d 722 (2001). In January, 2003, the petitioner filed yet another motion to withdraw guilty plea and order a new trial that was denied on January 16, 2003 by Massachusetts Associate Justice Francis R. Fecteau. *See* Exhibits B at p. 4, C at p. 3, E at p. 3. The petitioner timely appealed, and on December 15, 2003, in a memorandum and order pursuant to Appeals Court Rule 1:28, the Appeals Court affirmed the order denying the motion to withdraw guilty pleas and order a new trial. *See* Exhibit H, *Commonwealth v. Hendrickson*, 60 Mass. App. Ct. 1107, 800 N.E.2d 346 (2003). On March 10, 2004, the SJC denied the petitioner's application for leave to obtain further appellate review. *See* Exhibit I, *Commonwealth v. Hendrickson*, 441 Mass. 1104, 805 N.E.2d 44 (2004).

On August 16, 2004, the petitioner filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files a motion to dismiss the petition as time-barred.

## ARGUMENT

### THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner's conviction became final on November 26, 1990 when he pleaded guilty to aggravated rape, indecent assault and battery, and kidnaping in Worcester Superior Court. *See* Exhibits B, C, and F.  In cases where a conviction became final before the passage of the AEDPA, *i.e.*, before April 24, 1996, petitioners are given a judge-made, one-year grace period to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999) (applying one-year grace period to §2254 petition).  This one-year grace period began on April 24, 1996 and ended on April 24, 1997. *Rogers v. U.S.*, 180 F. 3d 349, 355 n.13 (1st Cir. 1999), *cert. denied*, 528 U.S. 1126 (2000).  The limitations period may be tolled during periods in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending." 28 U.S.C. § 2244(d)(2); *Gaskins v. Duval*, 183 F.3d 8, 9-10 (1st Cir. 1999) (applying tolling provision to grace period).

4

There are no circumstances that allow this petitioner to invoke the triggering provisions of §§2244(d)(1)(B)-(D). Moreover, the fact that the grace period may be tolled pursuant to the provisions of 28 U.S.C. §2244(d)(2) is no aid to this petitioner. *See Gaskins v. Duval*, 183 F.3d at 9-10. *See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (§2244(d)(2) applies to the one-year "reasonableness" period). Specifically, the petitioner had no motions or appeals pending during the one-year grace period. For example, the appeal from his second motion for new trial was concluded on November 27, 1995 and the appeal from his third motion for new trial was concluded on January 29, 1996. *See Commonwealth v. Hendrickson* (No.1), 421 Mass. 1106, 657 N.E.2d 1272 (1995) and *Commonwealth v. Hendrickson*, 422 Mass. 1101, 661 N.E.2d 100 (1996). Here, the petitioner's post-conviction filings in state court, for example, his motion for a new trial filed in 2003, was filed after the grace period had run. *See* Exhibits B, C, E. Additionally, the motion for new trial that the petitioner filed in 1999 was also filed after the grace period had run. *See* Exhibits B, C and D. This petition must be dismissed.

## CONCLUSION

For the foregoing reason, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

*Eva M. Badway*
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: September 2, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2004, I caused a copy of the above Memorandum in Support of the Motion to Dismiss to be served by first-class mail, postage prepaid, upon Robert Hendrickson, *pro se*, North Central Correctional Institution, P.O. Box 466, 500 Colony Road, Gardner, MA 01440.

*Eva M. Badway*
Eva M. Badway