UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HENDRICKSON )<br>     Petitioner, )<br>                   )<br>V.                     )<br>                   )<br>STEVEN O'BRIEN    )<br>     Respondent. ) | Civil Action No.04-40153-FDS |

PETITIONER'S OPPOSITION TO THE RESPONDENT'S
MEMORANDUM OF LAW AND MOTION TO DISMISS

Now comes the Petitioner Robert Hendrickson,pro,se.,to move this Honorable Court to grant his Motion for Opposition to the Respondent's Memorandun of Law and Motion to Dismiss.

The Petitioner states that the Respondent's Motion to dismiss should be denied under 28 U.S.C.§2244(d)(1),because the Petitioner has merit to his claim and should not be barred from issues that are constitutional under the Fourth Amendment. Lambrix V.Singletary 520 U.S.518.523 (1997)(pre-AEDPA Habeas Corpus practice differs fromCourt's own direct Appeal Review because "when a Federal Court conciders a State Prisoner's Petition for Habeas Corpus Pursuant to 28 U.S.C.§2254...the Federal Court is not formally reviewing a judgment,but is determining whether the prisoner is in custody,in violation of the Constitution or Laws or treaties of the United States").

§32.2.Prerequisites to section 2254(d)(1)'s application the language of section 2254(d)(1) expressly limits the provisions application to claims that were "Ajudicated on the merits in State Court proceedings". Accordingly,if a claim was not "Adjudicated on

-1-

the merits" (as that phraseis used in section 2254(d)(1) a Federal Court is obligated to employ the traditional,pre-AEDPA standard of de novo review of legal and mixed legal-factual rulings. Hudson V. Hunt,235 F.3d 892,895 (4th Cir.2000)("our review is de novo" because state court decision "was not ajudicat[ion] on the merits"); Miller V. Johnson,200 F.3d 274,281 & n.4 (5th Cir.),cert.denied,121 S.Ct. 122 (2000)("[R]eview is de novo when there has been no clear adjudication on the merits"); Weeks V.Angelone,176 F.3d 249,258,263 (4th Cir.1999),aff'd on other grounds,528 U.S.225(2000)(de novo standard applies to case because "Supreme Court of Virginia failed to address [Petitioner's claim] on the merits"). See McGregor V.Gibson,248 F. 3d 946,951 (10th Cir.2001)(en banc)("Inasmuch as the state court did not hear the merits of petitioner's claim [because state court applied proceedural bar] and the Federal District Court made it's own determination in the first instance,we review the District Court's conclusions of Law de novo and its factual findings for clear error".) Hudson V.Hunt,supra,235 F.3d at895 (state court's dismissal of claim "for failure to comply with State Proceedure rules...was not adjudicat[ion] on the merits,[and therefore] our review is de novo"); Grandison V. Corcoran,2000 U.S.App.lexis 17958 at *48(4th Cir.July 24,2000)(per curiam)(claim which state court "rejected...on proceedual grounds."is reviewed "de novo,as there has been no state adjudication on the merits' deserving deference under 228 U.S.C.A. §2254(d)"); Miller V.Johnson supra,2000 F.3d at 281 & n.4 ("section 2254(d) applies only to issues that have been adjudicated on the merits in state court," and "[r]eview is

-2-

de novo when there has been no clear adjudication on the merits.

Since the state court relied on a state proceedual rule (none-constitutional) bar, the court must give the petitioner a "full and fair opportunity to litigate his claims for evidentiary hearing, 4th amendment exclusionary rule claims". <u>Sellan V. Kuhlman</u>, 2001 U.S. App. Lexis 18325, at *17(2d Cir. Aug. 14, 2001)("adjudicated on the merits' has a well settled meaning: A decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a proceedual, or other ground."

## CONCLUSION

The petitioner states that he relies on this court for a full and fair opportunity to litigate his claims upon the merits of his case and to also find if the petitioner's trial counsel & appellate counsel was effective by not addressing the petitioner's claim of two unrelated cases being put together in one pretrial conference report without stating what evidence went to what case or which one they applied too. Agreements were reached for a plea hearing, but those agreements were not written down as required by State & Federal Court Rules. The Petitioner relies on this Courts certificate of appealability (COA) for review of his Habeas Corpus Petition, (that is) de novo when there has been no clear adjudication on merits. The petitioner's record shows that there has never been an evidentiary hearing within his case and the petitioner should be entitled to such a hearing with counsel appointed to claim his unanswered merits.

    Newly discovered evidence that two unrelated cases were put together in one pretrial conference report which established merit and petitioner gave every oportunity to the state courts by exhausting all his claims,(as required),these two unrelated cases were intentionally mixed in one conference report.

    The application of the Respondent's Motion to Dismiss relies only on a proceedual bar from the state courts and not the merits of the petitioner's claim,the respondent's motion should be denied.

                                        Respectfully Submitted,

                                        *Robert Hendrickson*
                                        Robert Hendrickson,pro,se.
                                        P.O. Box 466
                                        Gardner,Ma. 01440
                                        W-49459

Date: September 6th 2004