UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ROBERT HENDRICKSON,         )<br>                             )<br>    Petitioner,             )<br>                             )<br>    v.                       )<br>                             )<br>STEVEN O'BRIEN,              )<br>                             )<br>    Respondent.              )  | Civil Action No.<br>04-40153-FDS |

**ORDER**

**SAYLOR, J.**

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner Robert Hendrickson is an inmate at the North Central Correctional Institution ("NCCI") in Gardner, Massachusetts.  On August 16, 2004, Hendrickson filed a *pro se* petition for a writ of habeas corpus, claiming that his constitutional rights were violated in the course of his prosecution in the Massachusetts courts.

On August 17, 1990, Hendrickson was charged in Massachusetts Superior Court in a six-count indictment with armed assault with intent to murder; aggravated rape; indecent assault and battery on a person 14 or over; assault and battery by means of a dangerous weapon; kidnapping; and mayhem.  On November 26, 1990, after a jury trial, Hendrickson was convicted of mayhem and assault and battery by means of a dangerous weapon and was found not guilty of armed assault with intent to murder.  Later that same day, he pleaded guilty to the remaining charges of aggravated rape, indecent assault and battery on a person 14 or over, and kidnapping.  According to Hendrickson's petition, he is currently serving a 16-to-20 year sentence for aggravated rape,

indecent assault and battery, and kidnapping.[1]

Since his trial and subsequent guilty plea, Hendrickson has pursued numerous post-conviction remedies in the state courts. Initially, he filed a direct appeal to the Massachusetts Appeals Court, which was denied on May 15, 1992. *See Commonwealth v. Hendrickson*, 32 Mass. App. Ct. 1117 (1992). The Supreme Judicial Court upheld the denial on June 29, 1992. *See Commonwealth v. Hendrickson*, 413 Mass. 1101 (1992).

Hendrickson next filed a motion to withdraw his guilty plea and for a new trial on April 26, 1991, which he amended in February 1992. After the trial judge denied the motion, Hendrickson appealed to the Appeals Court, which affirmed the denial. *See Commonwealth v. Hendrickson*, 34 Mass. App. Ct. 1112 (1993). The SJC subsequently denied his request for further appellate review. *See Commonwealth v. Hendrickson*, 415 Mass. 1101 (1993).

On October 24, 1994, Hendrickson filed a two additional motions for a new trial, both of which were denied on October 28, 1994. On August 15, 1995, the Appeals Court summarily affirmed both denials in two separate decisions, *Commonwealth v. Hendrickson (No. 1)*, 39 Mass. App. Ct. 1104 (1995) and *Commonwealth v. Hendrickson (No. 2)*, 39 Mass. App. Ct. 1104 (1995).[2] The SJC denied further appellate review without comment on November 27, 1995, *Commonwealth v. Hendrickson (No. 1)*, 421 Mass. 1106 (1995); on January 29, 1996, *Commonwealth v. Hendrickson (No. 1)*, 422 Mass. 1101 (1996); and again on December 31,

---

[1] Although the petition indicates he is serving a 16-to-20 year sentence for the offenses to which he pleaded guilty, it also states that he received a 12-to-20 year sentence, presumably for the offenses as to which he was convicted at trial. It is unclear from the petition whether these sentences run consecutively or concurrently.

[2] Although both appeals court decisions were given the same table citation, the court numbered their decisions "No. 1"and "No. 2" to reflect the fact that two motions were filed.

1996, *Commonwealth v. Hendrickson,* 424 Mass. 1102 (1996).[3]

On September 3, 1999, Hendrickson filed a third motion to vacate his guilty plea, and on October 12, 1999, he filed an application in the Superior Court for a writ of habeas corpus. Both of these motions were denied on November 29, 1999. Hendrickson appealed the denial of his motion to vacate his guilty plea. In a memorandum and order affirming the denial, the Appeals Court explained that the issue raised in the September 3, 1999 motion was deemed waived, because Hendrickson was required to "raise all known and available claims of error at the earliest possible time" and therefore should have raised this claim in his two prior post-conviction motions. *Commonwealth v. Hendrickson*, 51 Mass. App. Ct. 1115 (2001) (*quoting Commonwealth v. Lowe*, 405 Mass. 1104, 1104-1105 (1989)). The court also noted that even if the claim was not deemed waived, Hendrickson would not succeed because it was entirely without merit.

On January 9, 2003, Hendrickson filed a fourth motion to withdraw his guilty plea and for a new trial. This motion was denied on January 16, 2003, because the issues Hendrickson raised were deemed waived by his three prior post-conviction motions. On December 15, 2003, the Appeals Court affirmed the denial. *Commonwealth v. Hendrickson*, 60 Mass. App. Ct. 1107 (2003). On March 10, 2004, the SJC denied further review. *Commonwealth v. Hendrickson*, 441 Mass. 1104 (2004).

On April 8, 2004, and May 4, 2004, Hendrickson filed two motions for release from

---

[3] It is unclear why the SJC issued three denials for the two motions. Each of the decisions noted that it was an appeal from 39 Mass. App. Ct. 1104. While the opinions dated November 27, 1995, and January 26, 1996, specifically referenced "No. 1," the December 31, 1996 decision made no specific reference to No.1 or No. 2. The Court assumes, for purposes of this petition, that the December 31, 1996 decision ended the SJC's review of both appeals cited as 39 Mass. App. Ct. 1104.

unlawful restraint, both of which were denied on July 29, 2004. On August 6, 2004, Hendrickson filed a petition for a writ of habeas corpus with the Worcester Superior Court. To the Court's knowledge, that petition has not been ruled upon.

On August 16, 2004, Hendrickson filed the present petition for habeas corpus challenging his convictions for aggravated rape, indecent assault and battery, and kidnapping, the charges to which he pleaded guilty. Although his petition and memorandum are not entirely clear, Hendrickson's claims center around alleged irregularities in the pre-trial conference reports, which he claims violated his due process rights, denied him effective assistance of counsel, and amounted to prosecutorial misconduct.

## **Analysis**

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. The AEDPA instituted a one-year period of limitation for applications for writs of habeas corpus by persons in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d).[4] The First Circuit in *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999), stated that a one-year grace period would apply to habeas petitions by state

---

[4] Under § 2244(d)(1), the one-year period of limitation runs from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

prisoners whose convictions had become final before the AEDPA's effective date of April 24, 1996. Under this grace period, prisoners were given until April 24, 1997, to file timely federal habeas petitions. *Id.* The *Gaskins* court also noted that, like § 2244(d)(2), the one-year grace period could be tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending." *Id.* at 9-10 (quoting 28 U.S.C. § 2244(d)(2)).

Hendrickson was convicted on November 26, 1990, when he pleaded guilty to aggravated rape, indecent assault and battery, and kidnapping. That judgment became final on June 29, 1992, when the SJC denied review. At the time the AEDPA became effective on April 24, 1996, his two motions for a new trial, filed on October 24, 1994, were still pending before the SJC. On December 31, 1996, the SJC issued its final denial of his request for further appellate review of these motions.[5] The one-year grace period was therefore tolled until December 31, 1996, while these motions were pending.

At the time the SJC issued its 1996 denial, Hendrickson did not have any other motions for state post-conviction review pending. In the absence of a tolling event, Hendrickson's one-year grace period for filing a federal habeas petition began on January 1, 1997, and ended on December 31, 1997. He did not file another state post-conviction motion until September 3, 1999, more than twenty-one months later. The present petition was not filed until August 16, 2004.

Accordingly, because the current petition was filed more than six and one-half years after

---

[5] As previously mentioned, the Supreme Judicial Court issued three denials of further appellate review for these two appeals. Because it is unclear from the record why three denials were issued, the Court will use December 31, 1996, as the date of denial in order to give Hendrickson the benefit of the latest possible date.

the period of limitations ended, and because state post-conviction remedies did not toll the period of limitation, the petition is time-barred.

Section 2244(d)(1)(D) creates a potential alternative to the one-year grace period deadline. Under this section, a petitioner may file a habeas petition based upon newly-discovered evidence, even where the petition is otherwise time-barred. *Id.* Such a petition must be filed no later than one year from the date when the "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

In his petition, Hendrickson states that on October 7, 2002, he wrote to the Worcester Clerk of Courts to request the pretrial conference reports for the "two (2) unrelated cases." He claims that when he received the paperwork, he noticed for the first time that "there was no evidence for either case and no agreement written within the pretrial conference report and that[']s when [he] found that the two (2) unrelated cases were put together in one report."[6] Hendrickson alleges that mixing these unrelated cases and failing to record the pre-trial agreements between the parties violated the Massachusetts Rules of Criminal Procedure and his due process rights.

By his own admission, Hendrickson discovered this alleged due process violation when he requested a copy of the pretrial conference reports. According to the docket report, the clerk sent Hendrickson a copy of the memorandum on October 9, 2002.[7] Even if the Court were to assume that Hendrickson did not receive the requested information until November or even

---

[6] According to Hendrickson, the two unrelated cases that were included in the pretrial report were *Commonwealth v. Hendrickson*, Docket # 90-2250 (armed assault with intent to murder) and *Commonwealth v. Hendrickson*, Docket # 90-2251 (aggravated rape).

[7] The docket report for the assault and battery with a dangerous weapon conviction (case number WOCR1990-02254) reflects Hendrickson's request.

6

December 2002, and that the one-year limitations period did not begin to run until that time, his August 16, 2004 petition was still at least nine months past the one-year deadline. Accordingly, pursuant to § 2244(d)(1)(D), the petition is time-barred.

Additionally, it is worth noting that even if Hendrickson had filed his petition within one year of receiving the pretrial reports, he would not meet the requirements of § 2244(d)(1)(D). Section 2244(d)(1)(D) begins to run on the date when the facts "could have been discovered *through the exercise of due diligence.*" (emphasis added). Hendrickson has not provided any reason why it took him nearly twelve years to request this information. The pretrial reports were not hidden or otherwise undiscoverable. Moreover, when Hendrickson did request the reports, the clerk promptly sent him copies. Hendrickson has not demonstrated why he could not have discovered this information sooner through the exercise of due diligence.

In light of the foregoing, the Court has concluded that no evidentiary hearing is required and the petition should be dismissed as time-barred. Accordingly, pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2244(d)(1), the petition is hereby DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: January 7, 2005